## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| JEFFREY BLEVINS, individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>v.<br><br>PREMIUM MERCHANT FUNDING ONE, LLC,<br><br>               Defendant. | No.: 2:18-cv-00377 |

## DEFENDANT PREMIUM MERCHANT FUNDING ONE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

AND NOW, comes Defendant Premium Merchant Funding One, LLC ("Premium Merchant"), by and through its undersigned counsel and files the within Answer and Affirmative Defenses to Plaintiff's Complaint and in support thereof, state as follows:

## NATURE OF THE ACTION

1.      The allegations of Paragraph 1 are conclusions of law to which no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 1.

2.      The allegations of Paragraph 2 are conclusions of law to which no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 2.

3.      The allegations of Paragraph 3 are conclusions of law to which no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 3.

4.     Paragraph 4 does not contain any factual averments.  Therefore, no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 4.

## JURISDICTION AND VENUE

5.     The allegations of Paragraph 5 are conclusions of law to which no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 5.

6.     The allegations of Paragraph 6 are conclusions of law to which no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 6.

7.     The allegations of Paragraph 7 are conclusions of law to which no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 7.

8.     The allegations of Paragraph 8 are conclusions of law to which no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 8.

## PARTIES

9.     After reasonable investigation, Premium Merchant lacks sufficient information to form a belief as to the truth of the averments of Paragraph 9 and therefore denies them.

10.    The allegations of Paragraph 10 are admitted.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

### The TCPA's Restrictions on Calls to Cellular Telephones

11.    The allegations of Paragraph 11 are conclusions of law to which no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of

Paragraph 11.

12.     The allegations of Paragraph 12 are conclusions of law to which no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 12.

13.     Paragraph 13 does not contain any factual averments.  Therefore, no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph13.

14.     Paragraph 14 does not contain any factual averments.  Therefore, no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph14.

15.     Paragraph 15 does not contain any factual averments.  Therefore, no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph15.

16.     The allegations of Paragraph 16 are conclusions of law to which no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 16.

17.     The allegations of Paragraph 17 are conclusions of law to which no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 17.

18.     The allegations of Paragraph 18 are conclusions of law to which no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 18.

19.     The allegations of Paragraph 19 are conclusions of law to which no response is required.

To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 19.

20.     The allegations of Paragraph 20 are conclusions of law to which no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 20.

21.     The allegations of Paragraph 21 are conclusions of law to which no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 21.

22.     The allegations of Paragraph 22 are conclusions of law to which no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 22.

23.     The allegations of Paragraph 23 are conclusions of law to which no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 23.

24.     The allegations of Paragraph 24 are conclusions of law to which no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 24.

**The TCPA's Rules On Do Not Call Lists**

25.     The allegations of Paragraph 25 are conclusions of law to which no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 25.

26.     The allegations of Paragraph 26 are conclusions of law to which no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 26.

## FACTUAL ALLEGATIONS

**Plaintiff Blevins**

27.     After reasonable investigation, Premium Merchant lacks sufficient information to form a belief as to the truth of the averments of Paragraph 27 and therefore denies them.

28.     After reasonable investigation, Premium Merchant lacks sufficient information to form a belief as to the truth of the averments of Paragraph 28 and therefore denies them.

29.     The allegations of Paragraph 29 refer to a writing which speaks for itself.  Premium Merchant denies the allegations of Paragraph 29 to the extent it attempts to summarize or characterize the contents of that writing.

30.     The allegations of Paragraph 30 refer to a writing which speaks for itself.  Premium Merchant denies the allegations of Paragraph 30 to the extent it attempts to summarize or characterize the contents of that writing.

31.     The allegations of Paragraph 31 refer to a writing which speaks for itself.  Premium Merchant denies the allegations of Paragraph 31 to the extent it attempts to summarize or characterize the contents of that writing.

32.     The allegations of Paragraph 32 refer to a writing which speaks for itself.  Premium Merchant denies the allegations of Paragraph 32 to the extent it attempts to summarize or characterize the contents of that writing.

33.     After reasonable investigation, Premium Merchant lacks sufficient information to form a belief as to the truth of the averments of Paragraph 33 and therefore denies them.

34.     After reasonable investigation, Premium Merchant lacks sufficient information to form a belief as to the truth of the averments of Paragraph 34 and therefore denies them.

35.     After reasonable investigation, Premium Merchant lacks sufficient information to form a belief as to the truth of the averments of Paragraph 35 and therefore denies them.

36.     After reasonable investigation, Premium Merchant lacks sufficient information to form a belief as to the truth of the averments of Paragraph 36 and therefore denies them.

37.     The allegations of Paragraph 37 are conclusions of law to which no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 37.

38.     The allegations of Paragraph 38 are conclusions of law to which no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 38.

39.     After reasonable investigation, Premium Merchant lacks sufficient information to form a belief as to the truth of the averments of Paragraph 39 and therefore denies them.

40.     The allegations of Paragraph 40 are conclusions of law to which no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 40.

41.     The allegations of Paragraph 41 are conclusions of law to which no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 41.

42.     The allegations of Paragraph 42 are conclusions of law to which no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 42.

## CLASS ACTION ALLEGATIONS

43.     Paragraph 43 is an incorporation paragraph to which no response is required.  To the extent a response is deemed to be required, Premium Merchant incorporates all preceding paragraphs as if fully set forth at length.

44.     Paragraph 44 does not contain any factual averments.  Therefore, no response is required.

To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph44.  By way of further response, Premium Merchant specifically denies that Plaintiff is an adequate class representative and Premium Merchant specifically denies that the allegations of the Complaint are sufficient for class certification.

45.     Paragraph 45 does not contain any factual averments.  Therefore, no response is required.  To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 45.  By way of further response, Premium Merchant specifically denies that the allegations of the Complaint are sufficient for class certification.

46.     The allegations of Paragraph 46 are denied.  By way of further response, Premium Merchant specifically denies that Plaintiff is an adequate class representative and Premium Merchant specifically denies that the allegations of the Complaint are sufficient for class certification.

47.     The allegations of Paragraph 47 are denied.  By way of further response, Premium Merchant specifically denies that Plaintiff is an adequate class representative and Premium Merchant specifically denies that the allegations of the Complaint are sufficient for class certification.

48.     After reasonable investigation, Premium Merchant lacks sufficient information to form a belief as to the truth of the averments of Paragraph 48 and therefore denies them.

49.     The allegations of Paragraph 49 are conclusions of law to which no response is required.  To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 49.

50.     Paragraph 50 does not contain any factual averments.  Therefore, no response is required.  To the extent a response is deemed to be required, Premium Merchant denies the allegations of

Paragraph 50.

51.     After reasonable investigation, Premium Merchant lacks sufficient information to form a belief as to the truth of the averments of Paragraph 51 and therefore denies them.

52.     After reasonable investigation, Premium Merchant lacks sufficient information to form a belief as to the truth of the averments of Paragraph 52 and therefore denies them.

53.     After reasonable investigation, Premium Merchant lacks sufficient information to form a belief as to the truth of the averments of Paragraph 53 and therefore denies them.

54.     The allegations of Paragraph 54 are conclusions of law to which no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 54.

55.     The allegations of Paragraph 55 are conclusions of law to which no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 55.

56.     The allegations of Paragraph 56 and its subparts are conclusions of law to which no response is required.  To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 56 and its subparts.

57.     The allegations of Paragraph 57 are conclusions of law to which no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 57.

58.     The allegations of Paragraph 58 are conclusions of law to which no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 58.

59.     The allegations of Paragraph 59 are conclusions of law to which no response is required.

To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 59.

60.     After reasonable investigation, Premium Merchant lacks sufficient information to form a belief as to the truth of the averments of Paragraph 60 and therefore denies them.

61.     The allegations of Paragraph 61 are conclusions of law to which no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 61.

## <u>COUNT I</u>

**Statutory Violations of the Telephone Consumer Protection Act (47 U.S.C. 227, et seq.) on behalf of the Autodialer Class.**

62.     Paragraph 62 is an incorporation paragraph to which no response is required.  To the extent a response is deemed to be required, Premium Merchant incorporates all preceding paragraphs as if fully set forth at length.

63.     The allegations of Paragraph 63 are conclusions of law to which no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 63.

64.     The allegations of Paragraph 64 are conclusions of law to which no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 64.

65.     The allegations of Paragraph 65 are conclusions of law to which no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 65.

## COUNT II

**Knowing and/or Willful Violation of the Telephone Consumer Protection Act (47 U.S.C. 227, et seq.) on behalf of the Autodialer Class.**

66.     Paragraph 66 is an incorporation paragraph to which no response is required.  To the extent a response is deemed to be required, Premium Merchant incorporates all preceding paragraphs as if fully set forth at length.

67.     The allegations of Paragraph 67 are conclusions of law to which no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 67.

68.     The allegations of Paragraph 68 are conclusions of law to which no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 68.

69.     The allegations of Paragraph 69 are conclusions of law to which no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 69.

## COUNT III

**Violation of the Telephone Consumer Protection Act (47 U.S.C. 227, et seq. and 47 C.F.R. §§ 64.1200(d)) on behalf of the NDNC Class.**

70.     Paragraph 70 is an incorporation paragraph to which no response is required.  To the extent a response is deemed to be required, Premium Merchant incorporates all preceding paragraphs as if fully set forth at length.

71.     The allegations of Paragraph 71 are conclusions of law to which no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 71.

72.     The allegations of Paragraph 72 are conclusions of law to which no response is required.

To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 72.

73.     The allegations of Paragraph 73 are conclusions of law to which no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 73.

**COUNT IV**

**Knowing and/or Willful Violation of the Telephone Consumer Protection Act (47 U.S.C. 227, et seq. and 47 C.F.R. §§ 64.1200(d)) on behalf of the NDNC Class.**

74.     Paragraph 74 is an incorporation paragraph to which no response is required.  To the extent a response is deemed to be required, Premium Merchant incorporates all preceding paragraphs as if fully set forth at length.

75.     The allegations of Paragraph 75 are conclusions of law to which no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 75.

76.     The allegations of Paragraph 76 are conclusions of law to which no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 76.

77.     The allegations of Paragraph 77 are conclusions of law to which no response is required. To the extent a response is deemed to be required, Premium Merchant denies the allegations of Paragraph 77.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

1.     The Complaint, and each claim therein, fails to set forth facts sufficient to state a claim against

- 11 -

Premium Merchant.

## SECOND AFFIRMATIVE DEFENSE

### (Estoppel, Laches, Waiver)

2.      Plaintiff's claims are barred by the equitable doctrines of estoppel, laches and/or waiver.

## THIRD AFFIRMATIVE DEFENSE

### (Consent/Acquiescence/Ratification)

3.      Plaintiff acquiesced in, consented to and/or ratified the acts and omissions alleged in the

Complaint.

## FOURTH AFFIRMATIVE DEFENSE

### (Consistent with Law and Applicable Regulations)

4.      The Complaint and each claim set forth therein are barred because Premium Merchant's

conduct was consistent with all applicable laws and regulations.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5.      Plaintiff's claims are barred by the equitable doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Mistake)

6.      Any alleged acts or omissions of Premium Merchant that give rise to Plaintiffs' claims

are the result of innocent mistake.

## SEVENTH AFFIRMATIVE DEFENSE

### (Fault of Others)

7.      If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was

directly and proximately caused and contributed to by the breach, conduct, acts, omissions,

activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, and not by Premium Merchant.

### EIGHTH AFFIRMATIVE DEFENSE

(Good Faith)

8.  Plaintiff's claims are barred because Premium Merchant's conduct was at all time undertaken in good faith.

### NINTH AFFIRMATIVE DEFENSE

(Compliance with Law)

9.  Premium Merchant met or exceeded the requirements of all applicable statutes, laws, regulations, and standards.

### TENTH AFFIRMATIVE DEFENSE

(Bona Fide Error)

10.  Although Premium Merchant denies any liability in this matter, Premium Merchant contends that any alleged acts or omissions of Premium Merchant giving rise to Plaintiff's claims are the result of innocent mistake and/or bona fide error despite reasonable procedures implemented by Premium Merchant. Premium Merchant acted in a reasonable manner in connection with the transactions at issue in this action.

### ELEVENTH AFFIRMATIVE DEFENSE

(Lack of Standing)

11.  Plaintiff's claims may be barred in whole or in part because Plaintiff has suffered no actual injury and therefore have no standing to bring a statutory claim. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548-49 (2016), as revised (May 24, 2016) (stating that to have standing under Article III, a plaintiff must have suffered invasion of a legally protected interest

that is both concrete and particularized).

## TWELFTH AFFIRMATIVE DEFENSE

(Reservation of Additional Defenses)

12.    To the extent not set forth herein, Defendants reserve the right to assert additional defenses that become available or apparent during discovery and to amend their Answer accordingly.


Respectfully submitted this 7th day of June 2018,

> */s/ James M. Doerfler*
> James M. Doerfler (OH # 59350)
> Reed Smith Centre
> 225 Fifth Avenue
> Pittsburgh, PA  15222-2716
> Telephone: +1 412 288 3131
> Facsimile: +1 412 288 3063
>
> *Counsel for Premium Merchant Funding One,*
> *LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 7th day of June 2018, a true and correct copy of the foregoing Answer and Affirmative Defenses has been filed electronically and is available for viewing and downloading from the federal courts' Electronic Cases Files system.

*/s/ James M. Doerfler*
James M. Doerfler (OH # 59350)
