# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| JEFFREY BLEVINS, individually and on behalf of all others similarly situated,<br><br>             Plaintiffs,<br><br>v.<br><br>PREMIUM MERCHANT FUNDING ONE, LLC,<br><br>             Defendant. | No.: 2:18-cv-00377 |

### DEFENDANT PREMIUM MERCHANT FUNDING ONE, LLC'S MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

AND NOW, comes Defendant Premium Merchant Funding One, LLC ("Premium Merchant"), having filed its Motion for Judgment on the Pleadings, files the within Memorandum in Support of Motion for Judgment on the Pleadings and in support thereof, state as follows:

## I. INTRODUCTION

In his Amended Complaint, Plaintiff alleges that Premium Merchant is liable for violating the do not call provisions of the Telephone Consumer Protection Act.  However, courts in Ohio and courts nationwide have agreed that a TCPA violation cannot be premised on a call to a business line.  The pleadings indisputably establish that the telephone number at issue in the Amended Complaint is used for business purposes.  As such, Plaintiff cannot prevail on his Amended Complaint as a matter of law and judgment should be entered in favor of Premium Merchant, together with any other relief deemed equitable and just.

## II. FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

This matter arises out of a putative class action Complaint filed by Jeffrey Blevins ("Plaintiff") against Premium Merchant Funding One, LLC ("Premium Merchant"). The operative Complaint is an Amended Complaint filed by Plaintiff on June 14, 2018. In his Amended Complaint, Plaintiff seeks damages for violations of the Telephone Consumer Protection Act ("TCPA").

### A. Plaintiff's Business and Telephone Number

Plaintiff owns Interior Creations, a small business. ECF No. 11, ¶ 20. Interior Creations performs home remodeling and improvement projects. *Id.* Interior Creations has a website designated as www.interiorcreations.com. ECF No. 12-1. Plaintiff is identified as the contact person and representative for the company—indeed—he is the sole proprietor according to the Amended Complaint. *Id.*; ECF No. 11, ¶ 20.

Plaintiff is the exclusive user of the telephone number ending in 3503. *Id.*, ¶ 21. According to the Complaint, the number has been registered with the National Do Not Call Registry (the "NDNC"). *Id.* Plaintiff routinely identifies that telephone number as associated with Interior Creations. ECF No. 12, ¶¶ 12, 27; ECF No 12-1. For example, the telephone is identified on his own website for Interior Creations as the contact number for the business. ECF No. 12-1. His telephone number is also identified on Buzzfile.com, Houzz.com, Facebook.com, and Manta.com, all of which associate the telephone number with Plaintiff's business, Interior Creations. *Id.*

### B. Plaintiff Receives Two Text Messages and Initiates a Putative Class Action

On April 3, 2018, Plaintiff received two text messages on his telephone number. ECF No. 11, ¶ 22. According to the Amended Complaint, Plaintiff responded with "Who is this and what's your company name?" *Id.*, ¶ 23. The response was: "My name is Bryce and I work with

Premium [Merchant]!" *Id*. Plaintiff requested a website and was directed to the website for Premium Merchant. *Id*., ¶¶ 24, 25. Plaintiff alleges that he never contacted Premium Merchant and did not consent to the text messages. *Id*., ¶¶ 26, 28.

As a result of the foregoing, Plaintiff asserts two claims for violations of the TCPA. In particular, he alleges that Premium Merchant is liable for making telemarketing text messages to members of the NDNC. *See generally* ECF No. 11.

### III.  STANDARD OF REVIEW

A motion for judgment on the pleadings pursuant to Federal Rule 12(c) attacks the sufficiency of the pleadings and is evaluated under the same standard as a motion to dismiss. *Amersbach v. City of Cleveland*, 598 F.2d 1033, 1038 (6th Cir.1979). In ruling upon such motion, the Court must accept as true all well-pleaded material allegations of the pleadings of the opposing party, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment. *Id.*; *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007).

The pleading standards articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) apply with equal force to motions for judgment on the pleadings. Those cases make clear that in order to survive such a motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 550 U.S. at 570. Further, the Court must disregard statements of legal conclusions and look only to the well-pleaded facts of the complaint in order to determine its legal sufficiency.

A motion brought pursuant to Rule 12(c) is appropriately granted "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *JPMorgan Chas Bank, N.A. v. Winget*, 510 F. 3d 577, 581 (6th Cir. 2007).

## IV. ARGUMENT

Plaintiff asserts two causes of action for either negligent or intentional violation of the TCPA.  *See generally* ECF No. 11.  Congress enacted the TCPA "to protect the privacy rights of citizens by restricting the use of the telephone network for unsolicited advertising."  *Charvat v. GVN Michigan, Inc.*, 531 F. Supp. 922 (S.D. Oh. 2008) (citations omitted).  Critically, as Plaintiff acknowledges in his Amended Complaint, the TCPA make it unlawful to:

> initiate any telephone solicitation to . . . a **residential telephone** subscriber who has registered his or her telephone number on the national-do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

47 C.F.R. § 64.1200(d) (emphasis added).  Courts nationally have concluded that when a telephone number is used for business, it is not a "residential number" and, therefore, cannot be the basis for a TCPA violation.

As a threshold matter, the court in *Krakauer v. Dish Network L.L.C.*, No. 1:14-CV-333, 2017 WL 2242952 (M.D.N.C., May 22, 2017) confirmed that "the protections of the TCPA related to the Registry only apply to residential numbers; calls to businesses on the Registry are not actionable under § 227(c)."  *Id*., at * 1 (citing 47 C.F.R. § 64.1200(c)(2) & (d)).  At least one Ohio state court has agreed.  In *Adamo v. AT&T*, No. 79002, 2001 WL 1382757, at *2 (Oh. Ct. App. Nov. 8, 2001), the court agreed that "[t]he TCPA does not extend to business customers."

In *Bank v. Independence Energy Group LLC*, No. 12-CV-1369 JG VMS, 2015 WL 4488070, at *2 (E.D. N.Y. July 23, 2015), the court concluded that if a telephone number is held out as a business line, then it should not be considered a residential telephone number for purposes of the TCPA.  The court opined "while a telephone subscriber can have a telephone number registered as residential with the telephone company, if the subscriber holds out such a telephone number to the general public as a business line, the line should not be considered

residential for the purposes of the TCPA—even if it is registered as 'residential' with the telephone company." *Id*. at \*3 (internal quotation marks omitted).

Ultimately, the *Independence Energy* court concluded that the plaintiff (an attorney) held his number out as being for business. His telephone number was displayed on business cards, professional letterhead, court pleadings, and he provided his number to clients, prospective clients, and business contacts. *Id*. Because the plaintiff repeatedly represented his telephone number as being one for business, the court concluded that no reasonable juror could find that the telephone is residential and judgment was entered in favor of the defendant. *Id*.

When presented with a similar issue, the Utah District Court agreed that a telephone number used for business purposes cannot support a TCPA claim. *Primavera v. Drexen*, No. 080922890, 2009 WL 3554582 (Utah Dist. Ct. Oct. 26, 2009). The court instructed that the plaintiff's TCPA claims failed because those provisions explicitly apply only to "residential" telephone lines:

> Here, Plaintiff is an attorney who systematically brings claims under the TCPA to generate income. The undisputed testimony from Plaintiff's wife is that the telephone line in question was installed by Plaintiff for the specific purpose of generating income by pursuing these claims. The undisputed evidence shows that the dedicated use of this telephone line, which Plaintiff has intentionally failed to register on the Do-Not-Call list, is to receive telemarketing calls, document them, and turn them into income by pursuing claims under the TCPA. Thus, the telephone line is a mere instrumentality of Plaintiffs business of pursing TCPA claims. As such, the telephone line is an unprotected "business" line

*Id*. (citing *Adamo*, *supra*).

Here, Plaintiff has repeatedly and deliberately used his telephone number for business purposes. ECF 12-1. Plaintiff intentionally represented on both his business's website and his business's Facebook page that the contact information for Interior Creations is the same number upon which his TCPA claims are premised. *Id*. His telephone number is also associated with his business on at least three other websites. *Id*. Thus, even if Plaintiff claims that his number is

registered as residential, such claim is inconsequential. Plaintiff holds his telephone number out to the general public as a business line. Therefore "the line should not be considered residential for the purposes of the TCPA." *Independence Energy Group LLC*, 2015 WL 4488070, at *2

## V.    CONCLUSION

For the foregoing reasons, Premium Merchant respectfully requests that this Court enter judgment in its favor and against Plaintiff with prejudice, together with any other relief deemed equitable and just.

Respectfully submitted this 6th day of August, 2018,

/s/ *James M. Doerfler*
James M. Doerfler (OH # 59350)
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA  15222-2716
Telephone: +1 412 288 3131
Facsimile: +1 412 288 3063

*Counsel for Premium Merchant Funding One, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of August, 2018, a true and correct copy of the foregoing Motion for Judgment on the Pleadings has been filed electronically and is available for viewing and downloading from the federal courts' Electronic Cases Files system.

*/s/ James M. Doerfler*
James M. Doerfler (OH # 59350)