IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JEFFREY BLEVINS, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br><br>PREMIUM MERCHANT FUNDING ONE, LLC,<br><br>        Defendant, | Case No.: 2:18-cv-00377<br><br>**JUDGE GEORGE SMITH**<br><br><br><br><br>**MAGISTRATE JUDGE ELIZABETH DEAVERS** |

**MEMORANDUM IN OPPOSITION OF DEFENDANT PREMIUM MERCHANT FUNDING ONE, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS**

    Defendant Premium Merchant Funding One, LLC ("Premium") does not dispute, for purposes of its Motion for Judgment on the Pleadings, that it made calls to Plaintiff Jeffrey Blevins ("Plaintiff"). Nor does it dispute that Plaintiff's cellular telephone number is on the National Do Not Call Registry ("NDNC"). Instead, Premium's only argument is that the telephone number in question that was placed on the NDNC was done so improperly, because the telephone number is used by Plaintiff for "business purposes," and is thus not a "residential telephone number" for NDNC purposes. (ECF #14, at 1).

    Plaintiff does use his cellular telephone in connection with his small business, Interior Creations. However, like many small business owners, Plaintiff has only a single cellular telephone (and telephone number) that is used for all of his business and personal purposes. In such a scenario, the privacy goals of protecting consumers from unwanted intrusions trumps any commercial interests implicated by business-to-business communications. Indeed, the Federal

1

Communications Commission explicitly rejected an attempt by telemarketing trade organizations to grant a blanket NDNC exemption to calls made to "home-based businesses." Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 ("2005 TCPA Rules"), 70 Fed. Reg. 19,330, 19,331 (April 13, 2005). Interior Creations is a "home-based business," and thus Mr. Blevins's cell number is not exempt from the reach of the NDNC rules.

At a minimum, the Court should deny the Motion for Judgment on the Pleadings pending a full development of the factual record regarding the use of the cellular telephone by Plaintiff. This was the route taken by the court in the only on-point authority cited by Premium, which *denied* a motion to dismiss before ultimately granting summary judgment on the full record. Even in the light of the authorities most favorable to Premium, dismissing the case at this time would be inappropriate, and Premium's Motion should be denied.

## FACTUAL BACKGROUND

Plaintiff Jeffrey Blevins is the sole proprietor of Interior Creations. Ex. A, Declaration of Jeffrey Blevins, at ¶ 2; *see also* ECF #12-1. Interior Creations' principle place of business, as listed on Interior Creations' website, is 8045 Tippet Road, New Albany, OH. *Id*. at ¶ 3. This location is also Plaintiff's personal residence. *Id*. at ¶ 3. The cellular telephone number listed on Interior Creations' website is 614-989-****. *Id*. at ¶ 4; *see also* ECF #12-1. This is Plaintiff's only telephone number of any kind, and he uses it to for all of his calls. *Id*. at ¶ 5.

## ARGUMENT

"The Federal Rules of Civil Procedure provide that, 'after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.'" *Williamson v. Recovery Ltd. Partnership,* No. 2:06-cv-292, 2010 WL 3769136, at * 2 (S.D.Ohio Sept. 24, 2010) (quoting Fed. R. Civ. P. 12(c)). "A motion for judgment on the pleadings under Rule

12(c) is subject to the same standard of review as a Rule 12(b)(6) motion." *Id.* (citing *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005)). As such, in considering the motion, the Court "must construe the complaint in a light most favorable to plaintiffs, accept all well-pled factual allegations as true, and determine whether plaintiffs undoubtedly can prove no set of facts in support of those allegations that would entitle them relief." *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (internal citations omitted).

"The TCPA authorized the Federal Communications Commission (FCC) to promulgate regulations 'to protect residential telephone subscriber's privacy rights to avoid receiving telephone solicitations to which they object.'" *Baker v. Certified Payment Processing, LP,* No. 16-cv-03002, 2016 WL 3360464, at * 2 (C.D. Ill. June 1, 2016) (quoting 47 U.S.C. § 227(c)). "The Do Not Call list makes it actionable to 'initiate any telephone solicitation to ... [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.'" *Clauss v. Legend Securities, Inc.*, No. 4:13-cv-00381, 2014 WL 10007080, at * 2 (S.D. Iowa Sept. 8, 2014) (quoting 47 C.F.R. § 64.1200(c)(2)). "In creating, and later editing, the Do Not Call List regulations, the FCC purposefully did not uniformly exempt 'home-based businesses' from the Do Not Call Rules." *Id.* (citing 2005 TCPA Rules). "A person who receives more than one telephone call within any 12-month period by an entity in violation of the regulations may bring a private cause of action." *Baker,* 2016 WL 3360464, at * 2 (citing 47 U.S.C. § 227(c)(5)).

Plaintiff is engaged in running a home-based business. Interior Creations' website lists the Tippet Road address as the "Shop Location"; this same Tippet Road address is Plaintiff's

residence. In both the professional and personal context, there is only a single telephone number used by Plaintiff—the cellular telephone number at issue in this case.

Premium's position is that "even if Plaintiff claims that his number is registered as residential, such claim is inconsequential [as] Plaintiff holds his telephone number out to the general public as a business line." ECF #14, at 5-6. This bright-line position is wholly inconsistent with the FCC's guidance, which explicitly declined to exclude business numbers that were also assigned to a home from the scope of the NDNC regulations. *See* 2005 TCPA Rules, 20 FCC Rcd. 3788, 3793, ¶ 14 ("We also decline to exempt from the do-not-call rules those calls made to 'home-based businesses'; rather, we will review such calls as they are brought to our attention to determine whether or not the call was made to a residential subscriber."). It is simply not the case that a number that is "held out as a business line," in any context, no matter what, is per se exempt from the scope of the FCC's NDNC rules.

Several courts to consider the home business scenario have found that a plaintiff can make out NDNC claims when the telephone number is associated with a business use. *Baker* involved a cellular telephone number that was associated with a home-based carpet cleaning business and prominently displayed on promotional materials and company websites. 2016 WL 3360464, at * 2. Citing the 2005 TCPA Rules, the court found that, at least at the motion to dismiss stage, the cellular telephone number was a residential number for NDNC purposes. *Id.* at * 3. Likewise, in *Clauss*, the telephone number at issue was associated both with plaintiff's law practice and a separately incorporated business. 2014 WL 10007080, at * 2. Noting that the address associated with the business and legal filings was also plaintiff's home, the court in *Clauss* denied summary judgment on the grounds that "based on the evidence before the Court, a jury could reasonably conclude that Plaintiff's phone number was simultaneously a residential

4

and business phone, or the number for a home-based business." *Id.* at *3. Finally, in *Southwell v. Mortgage Investors Corp. of Ohio, Inc.*, the court rejected the claim that alleged uses of a cellular telephone number in connection with business activities was sufficient to upset the conclusion that the plaintiff "is a 'residential telephone subscriber' under the TCPA." No. C13-1289 MJP, 2014 WL 4057166, at * 3 (W.D. Wash. Aug. 14, 2014).

Premium's primary authority in support of its theory is *Bank v. Independence Energy Group LLC,* No. 12-cv-1369, 2015 WL 4488070 (E.D.N.Y. Oct. 2, 2014). The district court in *Bank* found that, because "Bank provides the Subject Telephone number on his business card, professional letterhead for his law practice, and in pleadings and court filings, and he provides it to clients, prospective clients, other attorneys, and business contacts," the number in question was a business telephone line. *Id.* at * 3. As discussed above, this interpretation of the regulation would necessarily exempt all home-based businesses from the NDNC programs, and is thus inconsistent with the 2005 TCPA Rules.[1] Plaintiff respectfully suggests that *Bank* is wrongly decided, and urges the Court to follow *Baker*, *Clauss*, and *Southwell*, which are consistent with the FCC's interpretation of its own rules. *See, Siding and Insulation Co. v. Alco Vending, Inc.,* 882 F.3d 886, 894 (6th Cir. 2016) ("Where, as in this case, the relevant opinion results from an agency's interpretation of its own regulations, that opinion is typically entitled to significant deference.")

But, even under the rationale of *Bank*, Premium's motion should still be denied. The opinion cited by Premium was decided by the court *on summary judgment*. At the motion to dismiss stage, the court held that "[w]hether Bank's phone number is used for Bank's business

---

[1] The decision in *Bank* has been on appeal since July 29, 2015. *See Bank v. Independence Energy Group LLC,* No. 15-2391 (2d Cir.)

5

and thus falls outside the protections of the TCPA cannot be resolved without some limited discovery." *Bank,* 2014 WL 4954618 at *4 (E.D.N.Y. Oct. 2, 2014). It was only upon complete discovery that the court concluded that the telephone number fell outside the scope of NDNC protection. Thus, even if the Court were to discount the other authorities cited above and rely exclusively on the out-of-Circuit *Bank*, the proper course of action would still be to deny Premium's motion.

## CONCLUSION

Based on Plaintiff's use of the telephone number in question, the relevant FCC guidance, and the weight of authorities to consider the question, the calls made by Premium to Plaintiff's cellular telephone violated the NDNC regulations of the TCPA. For the foregoing reasons, Plaintiff respectfully requests that Defendant Premium Merchant Funding One, LLC's Motion for Judgment on the Pleadings be denied.

                                                           Respectfully submitted,

Date: August 27, 2018                      By: s/*Matthew R. Wilson*
                                                     MEYER WILSON CO., LPA
                                                     Matthew R. Wilson (Ohio Bar No. 0072925)
                                                     Email: mwilson@meyerwilson.com
                                                     Michael J. Boyle, Jr. (Ohio Bar No. 0091162)
                                                     Email: mboyle@meyerwilson.com
                                                     1320 Dublin Road, Ste. 100
                                                     Columbus, Ohio 43215
                                                     Telephone: (614) 224-6000
                                                     Facsimile: (614) 224-6066

                                                     *Attorneys for Plaintiff and the Proposed Classes*

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2018 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for Defendant, who is registered with ECF.

By: s/ *Matthew R. Wilson*
*Attorneys for Plaintiff and the Proposed Classes*