## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| JEFFREY BLEVINS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PREMIUM MERCHANT FUNDING ONE, LLC,<br><br>Defendant. | No.: 2:18-cv-00377 |

### DEFENDANT PREMIUM MERCHANT FUNDING ONE, LLC'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

AND NOW, comes Defendant Premium Merchant Funding One, LLC ("Premium Merchant"), having filed its Motion for Judgment on the Pleadings and Memorandum in Support thereof, and files the within Reply Memorandum in Support of Motion for Judgment on the Pleadings and in support thereof, states as follows:

## I.  INTRODUCTION

In his Opposition to Premium Merchant's Motion for Judgment on the Pleadings, Plaintiff admits that he uses his cellular telephone for business purposes.  He admits that his business website identifies his cellular telephone as his business number.  He admits that he holds his cellular telephone out to the public as his business number.  Plaintiff's admissions are sufficient for this Court to enter judgment in favor of Premium Merchant.  Plaintiff's efforts to complicate the issue and suggestions that national case law mandates a denial of Premium Merchant's Motion are simply unfounded.

The pleadings (including Plaintiff's self-serving affidavit with supplemental factual allegations) indisputably establish that the telephone number at issue in the Amended Complaint is used for business purposes.  As such, Plaintiff cannot prevail on his Amended Complaint as a matter of law and judgment should be entered in favor of Premium Merchant.

## II.     ARGUMENT

### A.   Premium Merchant Is Entitled to Judgment on the Pleadings Because Plaintiff Holds His Cellular Telephone Out As a Business Line

In his Opposition, Plaintiff argues that a home-based business is subject to some special treatment by courts and that it would be improper to grant Premium Merchant's Motion for Judgment on the Pleadings.  In particular, Plaintiff cites the FCC NDNC regulations.  ECF No. 17, p. 4 (citing 2005 TCPA Rules, 20 FCC Rcd. 3788, 3793, ¶ 14 ("We also decline to exempt from the do-not-call rules those calls made to 'home-based businesses'; rather, we will review such calls as they are brought to our attention to determine whether or not the call was made to a residential subscriber.")).

First, the language cited by Plaintiff suggests that FCC reserved the right to determine whether a call was made to a residential subscriber, in which case Plaintiff should have brought his case as an FCC complaint, rather than a purported class action in federal court.  Yet, Plaintiff chose to proceed in this Court and, thus, expressly authorized this Court to make that determination.

Second, as set forth in Premium Merchant's Memorandum in Support of its Motion for Judgment on the Pleadings, the standard to be applied is not whether Plaintiff also used his cellular telephone for personal purposes, as Plaintiff would have this Court believe; but rather, the standard is whether Plaintiff held his telephone number out as a business line.  *See generally* ECF No. 14.

Contrary to Plaintiff's argument in his Opposition, in the limited number of cases considering the issue, courts have concluded that if a telephone number is held out as a business number, it should not be considered a residential telephone number for purposes of the TCPA. *Bank v. Independence Energy Group LLC*, No. 12-CV-1369 JG VMS, 2015 WL 4488070, at *2 (E.D. N.Y. July 23, 2015).  "[W]hile a telephone subscriber can have a telephone number registered as residential with the telephone company, if the subscriber holds out such a telephone number to the general public as a business line, the line should not be considered residential for the purposes of the TCPA—even if it is registered as 'residential' with the telephone company." *Id*. at *3 (internal quotation marks omitted).

As did the *Independence Energy* court, the Utah District Court agreed that a telephone number used for business purposes cannot support a TCPA claim.  *Primavera v. Drexen*, No. 080922890, 2009 WL 3554582 (Utah Dist. Ct. Oct. 26, 2009).

While Plaintiff correctly points out that the *Independence Energy* case was resolved on summary judgment, that does not preclude this Court from ruling on the issue at this stage. Plaintiff does not dispute that he has repeatedly and deliberately used his telephone number for business purposes.  *Cf* ECF No. 17 with ECF 12-1.  Plaintiff admits that he uses the telephone number for business purposes.  He admits that he lists the telephone number on his business website and he does not deny the other websites associating his telephone number with his business.[1]  That is enough for this Court to rule in Premium Merchant's favor.

Plaintiff intentionally and repeatedly held his telephone number out as being associated with his business.  ECF No. 12-1.  As such, "the line should not be considered residential for the purposes of the TCPA."  *Independence Energy Group LLC*, 2015 WL 4488070, at *2.

---

[1] Indeed, implicit in its name, Premium Merchant Funding provides loans to small businesses.  *See also* www.pmfus.com.  Premium Merchant would only call Plaintiff to sell its services to a small business, further supporting that Plaintiff's telephone number was held out to the public as a business line.

**B.**     **Plaintiff Identifies No Reason Why Additional Discovery Is Required**

In a final attempt to avoid judgment on the pleadings, Plaintiff argues that discovery is needed to resolve the issue of whether his telephone number was held out for business purposes. ECF No. 17, p. 5-6.  The party seeking additional discovery bears the burden of demonstrating why such discovery is necessary.  *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004) (discussing the need for additional discovery in the context of a motion for summary judgment); *Scott v. Fairbanks Capital Corp.*, 284 F.Supp. 2d 880, 897 (S.D. Oh. 2003).  Bare or vague assertions of the need for discovery are not enough.  *Berkowitz v. Brahma Investment Group, Inc.*, No. 1:15cv543, 2017 WL 1163685 (S.D. Oh. March 29, 2017) (denying non-moving party's request for additional discovery when faced with motion for judgment on the pleadings) (citations omitted).  "In particular, Plaintiff must indicate his need for the discovery, what material facts he hopes to uncover and why he has not previously discovered the information." *See Summers*, 368 F.3d at 887; *Scott*, 284 F.Supp. 2d at 897.

Here, Plaintiff cannot avoid judgment against him, merely by stating that discovery is needed.  Plaintiff has not identified what additional facts will aid the Court in the resolution of the issue at hand.  Nor can he.  Plaintiff has already admitted sufficient facts to conclusively demonstrate that his telephone number was used for business purposes and held out to the general public as being used for business purposes.

Plaintiff's telephone number is used for business purposes and held his number out as being a business number.  Plaintiff has not identified any additional evidence which would aid this court in resolution of Premium Merchant's Motion.  Because the factual allegations of the pleadings conclusively demonstrate that Plaintiff cannot prevail on his TCPA claim as a matter of law, judgment should be entered in favor Premium Merchant.

### III.    <u>CONCLUSION</u>

For the foregoing reasons and for the reasons set forth in Premium Merchant's Memorandum in Support of its Motion for Judgment on the Pleadings, Premium Merchant respectfully requests that this Court enter judgment in its favor and against Plaintiff with prejudice, together with any other relief deemed equitable and just.

Respectfully submitted this 10th day of September, 2018,

*/s/ James M. Doerfler*
James M. Doerfler (OH # 59350)
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA  15222-2716
Telephone: +1 412 288 3131
Facsimile: +1 412 288 3063

*Counsel for Premium Merchant Funding One, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th day of September, 2018, a true and correct copy of the foregoing Motion for Judgment on the Pleadings has been filed electronically and is available for viewing and downloading from the federal courts' Electronic Cases Files system.

*/s/ James M. Doerfler*
James M. Doerfler (OH # 59350)
