IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JEFFREY BLEVINS,**

    **Plaintiff,**

                                                                                            **Civil Action 2:18-cv-00377**
                                                                                           **Judge George C. Smith**
      **v.**                                                                          **Magistrate Judge Elizabeth P. Deavers**

**PREMIUM MERCHANT**
**FUNDING ONE, LLC,**

    **Defendant.**

## **OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Stay Discovery (ECF No. 15) and Plaintiff's Memorandum in Opposition. (ECF No. 18.) Defendant did not file a Reply. For the following reasons, the Court **DENIES** Defendant's Motion to Stay Discovery.

**I.**

Plaintiff filed his original Complaint on April 24, 2018, alleging that Defendant has violated the do not call provisions of the Telephone Consumer Protection Act ("TCPA"). (ECF No. 1.) On May 31, 2018, the parties filed a Joint Rule 26(f) Report. (ECF Nos. 6 & 7 ["Corrected Rule 26(f) Report"].) This Court adopted the schedule set forth in the Joint Rule 26(f) Report in an Order setting discovery and pretrial deadlines. (ECF No. 8.) Defendant then filed its Answer on June 7, 2018. (ECF No. 9.) On June 12, 2018, Plaintiff served Defendant with discovery requests, to which Defendant has not responded. Subsequently, Defendant filed a Motion for Judgment on the Pleadings and Motion to Stay Discovery. (ECF Nos. 13 & 15.) In

Defendant's Memorandum in Support of its Motion to Stay Discovery (ECF No. 16), Defendant asserts discovery should be stayed pending the outcome of its Motion for Judgment on the Pleadings.

## II.

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ferrell v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-CV-447, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005) (citing *In re Airline Pilots Ass'n v. Miller*, 523 U.S. 866, 880 (1998) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936))). The Court, however, "must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977) (citing *Landis*, 299 U.S. at 254–55).

In deciding whether to grant a stay, courts commonly consider the following factors: (1) the stage of litigation; (2) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (3) whether a stay simplifies the issues; and (4) whether the burden of litigation on the parties and on the court is reduced. *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citations omitted). The movant bears the burden of showing both a need for delay and that "neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council*, 565 F.2d at 396.

In exercising its discretion, the Court has found that filing a case-dispositive motion is insufficient to grant a stay of discovery. *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-CV-00219, 2010 WL 3719245, at *2 (S.D. Ohio Sept. 16, 2010) (citing *Ohio Bell Telephone Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008)) (denying the defendants' motion to stay discovery despite their

pending summary judgment motion). Indeed, if a motion does not raise an issue "which would be substantially vitiated absent a stay" and there is no showing that the case will "certainly be dismissed" then "a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion." *Williams v. New Day Farms, LLC*, No. 2:10-CV-0394, 2010 WL 3522397, at *2 (S.D. Ohio Sept 7, 2010). Even though here Defendant premises its Motion for Judgment on the Pleadings (ECF No. 13) on Federal Rule of Civil Procedure 12(c), this "is the functional equivalent of the 12(b)(6) motion" since it "does not raise any issues of immunity from suit, nor does it present the type of narrow legal issue (such as the running of the statute of limitations) which is easily evaluated in order to determine whether the motion. . . has merit." *DiYanni v. Walnut Tp. Bd. of Educ.*, No. 2:06-CV-0151, 2006 WL 2861018, at *2 (S.D. Ohio Oct. 4, 2006).

Nevertheless, the United States Court of Appeals for the Sixth Circuit has recognized that "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)). This Court, however, retains broad discretion in determining whether to "stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)).

### III.

The Court concludes that Defendant has failed to demonstrate that a stay of discovery is justified. The essence of Defendant's argument is that discovery should be stayed because it has filed a motion for judgment on the pleadings. The Court cannot unequivocally conclude at this

time that the motion will be granted.  *See e.g.*, *Ohio Bell Telephone*, 2008 WL 641252 at *2 (refusing to stay discovery during the pendency of a motion to dismiss where the jurisdictional issue raised was "fairly debatable").  Without opining on the merits, the Court notes that the viability of Defendant's Motion for Judgment on the Pleadings turns on whether the texts Plaintiff received were made to a telephone number used for business purposes which, as such, would not be protected under the TCPA.  Defendant maintains that it is enough that Plaintiff held out his cellular telephone as a business number and, because the TCPA applies only to residential numbers, Plaintiff's claims fail as a matter of law.  (*See generally*, ECF Nos. 13 & 19.)  Plaintiff counters, however, that the Federal Communications Commission has explicitly declined to exempt calls made to "home-based businesses" from the reach of the TCPA.  Plaintiff maintains that he has demonstrated that he uses his phone to which Defendant sent texts for a home-based business.  (*See generally*, ECF Nos. 17 & 18.)  Thus, the issues raised in Defendant's Motion for Judgment on the Pleadings are fairly debatable.

The final aspect for the Court to consider is whether the interest of Plaintiff in prosecuting his claims outweighs the burden on Defendant to engage in discovery.  Defendant states, without more, that "[t]o allow such discovery to take place before [a] determination [on the motion for judgment on the pleadings] is made would impose undue burden and expense upon Premium Merchant and will not result in any prejudice to the Plaintiff or any other party."  (ECF No. 16.)  Defendant does not elaborate upon that assertion.  Because Defendant has not put forth any colorable reasons for why discovery would be particularly burdensome in this case, nor has it adequately demonstrated that a stay of discovery would not result in prejudice to Plaintiff, it has failed to establish sufficient grounds for a stay of discovery.

**IV.**

For the foregoing reasons, the Court finds that Defendant has not carried its burden to show that a stay of discovery is appropriate under the circumstances presented in this case. The Court, therefore, concludes that a temporary stay pending resolution of Defendant's Motion for Judgment on the Pleadings (ECF No. 13) is not warranted. Defendant's Motion to Stay Discovery is hereby **DENIED**. (ECF No. 15.) Defendant is **ORDERED** to respond to Plaintiff's outstanding discovery requests by **OCTOBER 10, 2018**, unless the parties agree to a different date.

**IT IS SO ORDERED.**

Date: September 20, 2018         /s/ *Elizabeth A. Preston Deavers*
                                 ELIZABETH A. PRESTON DEAVERS
                                 UNITED STATES MAGISTRATE JUDGE