IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JEFFREY BLEVINS,**

    **Plaintiff,**

vs.

    Case No.: 2:18-cv-377
    **JUDGE GEORGE C. SMITH**
    **Magistrate Judge Deavers**

**PREMIUM MERCHANT
FUNDING ONE, LLC,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court upon Defendant Premium Merchant Funding One, LLC's Motion for Judgment on the Pleadings and a Memorandum in Support of its Motion for Judgment on the Pleadings. (Docs. 13 and 14). Plaintiff Jeffrey Blevins responded in opposition (Doc. 17) and Defendant replied in support (Doc. 19). The matter is now ripe for review. For the following reasons, Defendant's Motion for Judgment on the Pleadings is **DENIED**.

### I.    BACKGROUND

On April 24, 2018, Plaintiff Jeffrey Blevins ("Plaintiff") initiated this action against Defendant Premium Merchant Funding One, LLC ("Premium Merchant"). Plaintiff brought this suit on behalf of himself and an alleged class of similarly situated individuals.

This lawsuit arises out of two text messages allegedly sent by Defendant to the Plaintiff on August 3, 2018. (Doc. 11, Am. Compl. at ¶ 22). The first message included an image of a man appearing to work on a laptop computer at a pool. (*Id.*). The picture included the following text: "YOU KNOW YOU'RE A SMALL BUSINESS OWNER WHEN ... THIS IS YOUR

IDEA OF WORK LIFE BALANCE." (*Id.*). The subsequent text message stated, "You need working capital!! I have the best rates! Consolidation and Lines of Credit, Loans and Trade financing ~~ Easy Process! Let's talk!" (*Id.*). Plaintiff responded, "Who is this and what's your company's name?" (*Id.* at ¶ 23). Plaintiff then received the following message, "My name is Bryce and I work with Premium!" (*Id.*). Plaintiff responded, "Got a website? I'll check it out." (*Id.* at ¶ 24). Plaintiff then received a message directing him to www.pmfus.com, a website allegedly owned and operated by the Defendant. (*Id.* at ¶¶ 24–25).

The parties agree that the phone number has been registered under the National Do Not Call ("NDNC") Registry. (*See id.* at ¶ 21; Doc. 12, Ans. at ¶ 21). Plaintiff alleges that Premium Merchant's text messages constitute a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). (Doc. 11, Am. Compl. at ¶¶ 54–61). Plaintiff is a small business owner and states that he uses the telephone number for both residential and business purposes. (*Id.* at ¶¶ 20–21). Based on the Plaintiff's business use of his telephone number, Defendant moved for judgment on the pleadings. (Doc. 13). Plaintiff filed a timely response (Doc. 17) and Defendant replied (Doc. 19).

## II. STANDARD OF REVIEW

Defendant brings this motion pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard of review for a motion for judgment on the pleadings under Rule 12(c) is the same as that used to address a motion to dismiss under Rule 12(b)(6). *Id.*; *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007).

Rule 12(b)(6) permits dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." To meet this standard, a party must allege sufficient facts to state a claim that is

"plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading will satisfy this plausibility standard if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint;" a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz-Craft Corp of Mich., Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

In sum, "[f]or purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)).

## III. DISCUSSION

Defendant asserts it is entitled to judgment as a matter of law because the business use of the telephone number voids the Plaintiff's TCPA protection and this is a question of law that can be resolved at this stage in the proceeding. (*See* Doc. 14, Mot. J. on Pl. Memo at 1). It is not disputed that the Plaintiff uses his telephone number for business. (*See* Doc. 17, Resp. at 1). However, Plaintiff contends that a judgment on the pleadings would not be proper as the FCC has previously explicitly denied instituting a broad NDNC exemption to telemarketing calls made to "home-based businesses." (Doc. 17, Resp. at 1–2 (citation omitted)). Based on FCC guidance, Plaintiff argues that there needs to be an opportunity for discovery. (*See id.* at 2). For the reasons that follow, the Court finds it premature to grant judgment for the Defendant as a matter of law.

The TCPA makes it unlawful "to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C). An "unsolicited advertisement" is defined as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5). The NDNC registry protects "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2).

Further, on the matter of telephone numbers used for both business and residential purposes, the FCC has "decline[d] to exempt from the do-not-call rules those calls made to 'home-based businesses' rather, we will review such calls as they are brought to our attention to

4

determine whether or not the call was made to a residential subscriber." Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 20 FCC Rcd. 3788, 3793 (2005). As such, courts have routinely looked at the facts and circumstances surrounding a particular case before deciding whether TCPA protection extended to a particular telephone number that was used for both business and residential purposes. *See Baker v. Certified Payment Processing, L.P.*, No. 16-cv-3002, 2016 WL 3360464, at *3 (C.D. Ill. June 16, 2016) (denying Defendant's motion to dismiss notwithstanding the Plaintiff's admitted business use of the telephone number); *Clauss v. Legend Sec., Inc.*, No. 4:13-cv-00381, 2014 WL 10007080, at *3 (S.D. Iowa Sept. 8, 2014) (denying a motion for summary judgment where the parties disputed the Plaintiff's use of the telephone number at the time of the Defendant's contact); *Warnick v. Dish Network LLC*, No. 12-cv-01952, 2014 WL 12537066, at *9 (D. Colo. Sept. 30, 2014) (rejecting the argument that the "TCPA is inapplicable to calls made to cellular telephones used for business purposes"); *Bank v. Indep. Energy Grp. LLC*, No. 12-cv-1369, 2014 WL 4954618, at *4 (E.D.N.Y Oct. 2, 2014) ("*Bank I*") (denying Defendants' 12(b)(6) motion without limited discovery to determine the Plaintiff's telephone number use and resulting protection under the TCPA).

To support its notion that business use of a telephone number registered on the NDNC *per se* voids its TCPA protections, Defendant relies on *Bank v. Indep. Energy Grp. LLC*, No. 12-cv-1369, 2015 WL 4488070 (E.D.N.Y. July 23, 2015), *appeal docketed*, No. 15-2391 (2d Cir. July 29, 2015) ("*Bank II*"). Defendant ignores that the court in *Bank II* did not reach its holding that TCPA protections did not extend to the particular telephone number at issue until after the close of discovery. *See id.* at *3 (granting Defendant's Motion for Summary Judgment); *see also Bank I*, 2014 WL 4954618, at *4 (denying Defendants' motion to dismiss).

5

As such, pursuant to FCC guidance and caselaw applying such guidance, the Court finds that dismissing this case pursuant to Rule 12(c) would not be proper. In viewing the Amended Complaint in the light most favorable to the Plaintiff, the Court finds there to be plausible TCPA violations to survive a motion for judgment on the pleadings.

## IV. CONCLUSION

Based on the foregoing, Premium Merchant's Motion for Judgment on the Pleadings for Plaintiff's Claim for TCPA violations is **DENIED**. The Clerk shall remove Document 13 from the Court's pending motions list.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**